E-FILED
Wednesday, 21 April, 2010  01:11:13 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JOY A. TONSOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-cv-1283 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

### O P I N I O N and O R D E R

Before the Court are the Motion for Extension of Time (Doc. 14) and the Motion to Appoint Counsel (Doc. 15) filed by Plaintiff, Joy A. Tonsor, on January 13, 2010. The Motion for Extension of Time is GRANTED and the Motion to Appoint Counsel is DENIED.

With respect to his motion for appointment of counsel, civil litigants are not entitled to a court appointed attorney. Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). After a litigant has made such an attempt, the Court considers whether "given the difficulty of the case, d[oes] the plaintiff appear to be competent to try it himself, and, if not, would the presence of counsel [] [make] a difference in the outcome?" Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff states that she has

tried to seek counsel but cannot afford to pay a retainer.  This is not sufficient evidence of a "reasonable attempt" contemplated by the Seventh Circuit.  Even if Plaintiff had made such a showing (by indicating how many lawyers she contacted), Plaintiff appears competent to try this matter herself.  The court notes that Plaintiff is high school educated, capable of reading and writing in English and has been employed as a secretary and as a bookkeeper for her husband's business.  Plaintiff also should be fully familiar with her medical history and the proceedings before the Commissioner of Social Security.  Plaintiff further has demonstrated that she is capable of seeking relief.

Plaintiff is informed that because the administrative record has been filed in this case, she will be required to file a:

> Motion for Summary Judgment and Memorandum of Law which shall state with particularity which findings of the Commissioner are contrary to law.  The plaintiff shall identify the statue, regulation or case law under which the Commissioner allegedly erred.  The plaintiff shall cite to the record by page number the factual evidence which supports the plaintiff's position.  Arguing generally, 'the decision of the Commissioner is not supported by substantial evidence' is <u>not</u> sufficient to meet this rule.  Local Rule 8.1(D).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED (Doc. 15) and Plaintiff's Motion for Extension of Time is GRANTED (Doc. 14).  Plaintiff shall file her Motion and Memorandum by May 21, 2010

Entered this <u>21st</u> day of April, 2010

                                                      s/ Joe B. McDade
                                                     JOE BILLY MCDADE
                                                 Senior United States District Judge